UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| NECA-IBEW PENSION FUND (THE DECATUR PLAN), Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NORTHERN TRUST CORPORATION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:10-cv-05339<br><br><u>CLASS ACTION</u><br><br>Judge John F. Grady |

MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

583473_1

The City of Westland Police and Fire Retirement System ("Westland" or "Movant"), respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Miller Law LLC ("Miller Law") as liaison counsel for the class.

I.  INTRODUCTION

Currently pending in this district is a securities class action brought on behalf of all persons who purchased or otherwise acquired the common stock of Northern Trust Corporation ("Northern Trust" or the "Company") between October 17, 2007 and October 20, 2009, inclusive (the "Class Period"), against Northern Trust and certain of its officers and/or directors. This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. The PSLRA requires courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Pursuant to the PSLRA, the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Westland should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Westland's selection of Robbins Geller as lead counsel and Miller Law as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 1 -

583473_1

## II.     FACTUAL BACKGROUND

Northern Trust is a financial holding company that provides asset servicing, fund administration, investment management, banking and fiduciary solutions for corporations, institutions and affluent individuals worldwide. The Company conducts business through various U.S. and non-U.S. subsidiaries, including The Northern Trust Company (the "Bank"). The Bank conducts its business through its U.S. operations and its various U.S. and non-U.S. branches and subsidiaries. Northern Trust is headquartered in Chicago, Illinois.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results and engaged in improper behavior that harmed Northern Trust's investors by failing to disclose the extent of its seriously delinquent commercial real estate loans and the true nature and risks associated with its once highly profitable securities lending program. As a result of defendants' false statements, Northern Trust's stock traded at artificially inflated prices during the Class Period, reaching a high of $87.20 per share on September 11, 2008. While Northern Trust's stock was artificially inflated due to defendants' false statements, certain top officers and directors of the Company sold over 1.5 million shares of their Northern Trust stock for proceeds of over $106.5 million.

Then, on October 21, 2009, before the market opened, Northern Trust reported its third quarter 2009 earnings results, announcing third quarter results that fell short of expectations due in part to a serious decline in the Company's securities lending program and to continuing pressure from its non-performing loans. On this news, Northern Trust's stock fell $3.29 per share to close at $54.16 per share on October 21, 2009, a one-day decline of nearly 6% on volume of over 8.55 million shares.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) defendants failed to properly account for Northern

- 2 -

Trust's commercial real estate loans, failing to reflect impairment in the loans; (b) Northern Trust had not adequately reserved for loan losses such that its financial statements were presented in violation of Generally Accepted Accounting Principles; (c) Northern Trust had not disclosed the true risk associated with the Company's securities lending program, as the Company was engaging in excessively risky investment practices by investing collateral pools in high risk investments; (d) the disruption to the Company's securities lending program was not temporary and would significantly impact the Company's business and outlook; and (e) the deterioration in the Company's operating results from its securities lending business was not primarily attributable to negative returns associated with one of its collateral funds that used mark-to-market accounting or to a decline in overall borrowing demand, but rather, in large part, to an overall decline in the supply of securities available for loans.

### III. ARGUMENT

#### A. Westland Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on August 24, 2010, on *Business Wire* in connection with the filing of the first-filed action. *See* Exhibit B attached to The City of Westland Police and Fire Retirement System's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Motion").

- 3 -

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Westland meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from August 24, 2010, or October 25, 2010. *See* Motion, Ex. B; 15 U.S.C. §78u-4(a)(3)(A). Westland has therefore timely filed its motion. *Id.*[1] In addition, Westland has submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* Motion, Ex. C. Thus, Westland has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2. Westland Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Westland lost over $56,000 due to defendants' misconduct. *See* Motion, Exs. C, D. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Westland satisfies the PSLRA's prerequisite of having the largest financial interest.

---

[1] Because the 60-day deadline falls on October 23, 2010, a Saturday, pursuant to Fed. R. Civ. P. 6(a)(3), October 25, 2010 is the next day that is not a Saturday or Sunday and this Motion is therefore timely filed.

### 3. Westland Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. July 23, 2003) (Pallmeyer, J.) (explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11.

Here, Westland satisfies the typicality requirement for purposes of selecting lead plaintiff because, like other class members, it: (1) purchased Northern Trust securities during the Class

Period; (2) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (3) thereby suffered damages. Thus, Westland's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Westland has prior experience serving as a plaintiff in shareholder litigation and is familiar with the obligations and fiduciary responsibilities owed to a class. *See* Motion, Ex. C, ¶5. As an institutional investor with prior experience serving as a fiduciary in shareholder litigation, Westland's experience and resources will enable it to adequately represent the class's interests. And, there is no evidence of antagonism or conflict between Westland and the class. Westland's substantial loss further demonstrates that it has a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the class. *See* Motion, Exs. C-D. Additionally, as explained below, Westland's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Westland believe that all of these factors sufficiently evidence its capacity and willingness to serve as lead plaintiff.

Thus, Westland satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve Westland's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Westland has selected Robbins Geller to serve as lead counsel and Miller Law as liaison counsel.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Motion, Ex. F. Robbins Geller's reputation for

- 6 -

583473_1

excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[2] In addition, Robbins Geller attorneys are responsible for attaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the 10th largest in U.S. history and is still the largest recovery ever in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

The attorneys at Miller Law, a litigation boutique law firm in Chicago, have many decades of experience in complex civil litigation, including securities class actions, in this district. *See* Motion, Ex. E; *see also In re Bank One S'holders Class Actions*, Case No. 00-880 (N.D. Ill. 2000) (Marvin A. Miller appointed by the Court as liaison counsel to draft and file consolidated complaint). The skill and experience of Miller Law's attorneys has been recognized by numerous courts which have appointed the firm to leadership positions in complex securities litigation. Two decades ago, Judge Milton I. Shadur of this court commented on Marvin Miller's skills and said that he is "an experienced securities law class action litigator and who also has 20 years [now 40 years] practice

---

[2] Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Robbins Geller lawyers in *Cardinal Health*, noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Robbins Geller lawyers are "nationally recognized leaders in complex securities class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

583473_1

under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.*, 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.). Those same qualities continue and have been recognized by other courts in this district and across the country.[3]

In addition to their individual accomplishments, Robbins Geller and Miller Law's lawyers have been appointed to serve together as lead and liaison counsel in numerous securities fraud and other complex class actions in this district and by this court. *See, e.g., Jones v. Corus Bankshares*, No. 09-1538 (N.D. Ill. 2009) (Bucklo, J.); *Plumbers and Steamfitters Local No. 7 Pension Fund v. Walgreen Co.*, No. 08-2162 (N.D. Ill. 2008) (Gottschall, J.); *Silverman v. Motorola, Inc.*, No. 07-4507 (N.D. Ill. 2007) (St. Eve, J.); *Takara Trust v. Molex Inc.*, No. 05-1245 (N.D. Ill. 2005) (Castillo, J.); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, No. 05-7097 (N.D. Ill. 2005) (Aspen, J.); *Roth v. OfficeMax Inc.*, No. 05-236 (N.D. Ill. 2005) (Gottschall, J.); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.).

*Household*, in particular, is but one example of how effectively the lawyers from Robbins Geller and Miller Law have successfully worked together to benefit classes of injured investors. Following Robbins Geller's appointment as lead counsel and Miller Law's appointment as liaison counsel, the firms defeated defendants' motions to dismiss and obtained certification of the class. For more than six years, Robbins Geller and Miller Law methodically prepared the *Household* case

---

[3] *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Miller Law served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way"); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Miller Law approved as liaison counsel); *Makor Issues & Rights & Ltd. v. Tellabs, Inc.*, No. 02-4356 (N.D. Ill. 2002) (same); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-7527 (N.D. Ill. 2002) (same). Most notably, the *Makor Issues* case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

583473_1

for trial, including taking more than 60 depositions and reviewing countless millions of pages of documentary evidence. In 2009, the firms' joint efforts yielded a plaintiffs' verdict. The *Household* trial and favorable verdict demonstrates Robbins Geller's and Miller Law's willingness to commit the necessary resources to protect the interests of the class.

In sum, the experience, resources and synergies which Robbins Geller and Miller Law will bring to this action if appointed as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Miller Law. *See* Motion, Exs. E & F. Accordingly, Westland's selection of counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, Westland respectfully requests that the Court: (1) appoint Westland as Lead Plaintiff; and (2) approve its selection of Robbins Geller to serve as Lead Counsel and Miller Law as Liaison Counsel for the class.

DATED: October 25, 2010

Respectfully submitted,

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING

s/ LORI A. FANNING
LORI A. FANNING

115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)
mmiller@millerlawllc.com
lfanning@millerlawllc.com

[Proposed] Liaison Counsel

- 9 -

583473_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JAMES A. CAPUTO
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD
  & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2010.

              s/ LORI A. FANNING
              LORI A. FANNING

              MILLER LAW LLC
              LORI A. FANNING
              115 S. LaSalle Street, Suite 2910
              Chicago, IL 60603
              Telephone: 312/332-3400
              312/676-2676 (fax)

              E-mail: lfanning@millerlawllc.com

583473_1

# Mailing Information for a Case 1:10-cv-05339

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **Justin Bishop Grewell**
  courtnotification@mayerbrown.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com

- **Michele Louise Odorizzi**
  courtnotification@mayerbrown.com,modorizzi@mayerbrown.com

- **John Joseph Tharp , Jr**
  courtnotification@mayerbrown.com,jtharp@mayerbrown.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)